## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **Flava Works, Inc.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| **Marc Juris** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Flava Works, Inc. (hereinafter "Plaintiff" or "Flava Works"), and for its Complaint against the Defendant, Marc Juris states as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq*. and the common law of contracts.

2. Plaintiffs bring this action to stop Defendant from continuing to encourage, enable and contribute to the infringement of Plaintiffs copyrights on the Internet. Defendant joined Flava Works' paid membership-only websites, agreed to Flava Works' terms and services, downloaded copyrighted videos owned by Flava Works, and copied and distributed the aforesaid copyrighted videos in violation of the agreed to terms and services.

## THE PARTIES

3. Plaintiff is incorporated under the laws of the State of Illinois with its principal place of business at 3526 South Prairie Ave, Chicago Illinois 60653.

4. On information and belief, Defendant, Marc Juris, resides in New York, NY.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, § 1338 and § 1367; pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*.

6. This Court has jurisdiction over Defendant, because Defendant consented to personal jurisdiction when he agreed to Flava Works' Terms and Conditions, section 11, 1.1: "you hereby consent to the personal jurisdiction and venue of the courts located in Cook County, Illinois"

7. This Court has jurisdiction over Defendant, because Defendant is subject to personal jurisdiction in the State of Illinois under the Illinois Long Arm Statute.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in this district.

## FACTS

### PLAINTIFF FLAVA WORKS, INC.

9. Plaintiff is a corporation that produces adult entertainment in the form of DVDs, magazines, websites, pictures, streaming video and various other media.

10. Plaintiff distributes its adult entertainment through various distributors and licensees, as well as through its websites: www.FlavaMen.com, www.CocoDorm.com, www.CocoStore.com, www.PapiCock.com, www.RawRods.com and www.ThugBoy.com, among others.

11. Plaintiff has applied for and has registered various copyrights for its works.

12. Plaintiff is recognized nationally and internationally as a leader in the field of production and distribution of adult entertainment due, in large part, to the goodwill and name

recognition associated with its trademarks, as well as the high quality content that is associated with its copyrighted material.

13. At all relevant times, Defendant join as a paid member of Flava Works websites (either or CocoDorm.com, Thugboy.com, PapiCock.com, MixItUpBoy.com or RawRods.com).

14. Defendant agreed to the terms and conditions of the site and agreed that Defendant would not copy and distribute copyrighted videos of Flava Works. A copy of Flava Works' terms and conditions is attached as Group Exhibit "A".

15. Notwithstanding the aforesaid agreements, Defendant downloaded copyrighted videos of Flava Works as part of his paid memberships and, in violation of the terms and conditions of the paid sites, and posted and distributed the aforesaid videos on other websites, including websites with peer to peer sharing and torrents technology.

16. As a result of Defendant' conduct, third parties were able to download the copyrighted videos, without permission of Flava Works.

## COUNT I

**(Direct Copyright Infringement as to all Defendant – 17 U.S.C. § 501.)**

1-16. Plaintiff incorporates and re-alleges paragraphs 1-16 of this Complaint as paragraphs 1-16 of Count I.

17. Defendant' conduct interferes with Plaintiff's exclusive right to reproduce, distribute and display the copyrighted works.

18. Defendant' conduct constitutes copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

19. Defendant' aforesaid activities constitute infringement of Plaintiff's copyrights.

20. As a result of the injury suffered by Plaintiff's business from Defendant' actions of direct copyright infringement, Plaintiff is entitled to recover actual and/or statutory damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as injunctive relief to prevent future infringement.

## COUNT II

### (Contributory Copyright Infringement.)

1-20. Plaintiff incorporates and re-alleges paragraphs 1-20 of this Complaint as paragraphs 1-20 of Count II.

21. On information and belief, Defendants aided, abetted, allowed, encouraged and otherwise materially contributed to the infringement of Flava Works' Intellectual Property by copying, posting, and/or distributing Flava Works' copyrighted videos without permission.

22. On information and belief, Defendant had actual or constructive knowledge of or was willfully ignorant of the infringing activity and had the obligation and ability to control and stop the infringing activity, yet failed to do so.

23. Defendants' conduct constitutes contributory copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

24. As a result of the injury suffered by Plaintiff's business from Defendants' actions of contributory copyright infringement, Plaintiff is entitled to recover actual and/or statutory damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as injunctive relief to prevent future infringement.

## COUNT III

### (Vicarious Copyright Infringement.)

1-24. Plaintiff incorporates and re-alleges paragraphs 1-24 of this Complaint as paragraphs 1-24 of Count III.

25. On information and belief, Defendant had actual or constructive knowledge of or was willfully ignorant of the infringing activity and had the obligation and ability to control and stop the infringing activity, yet failed to do so.

26. As a result of the injury suffered by Plaintiff's business from Defendant' actions of vicarious copyright infringement, Plaintiff is entitled to recover actual and/or statutory damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as injunctive relief to prevent future infringement.

## Count IV

### (Inducement of Copyright Infringement.)

1-26. Plaintiff incorporates and re-alleges paragraphs 1-26 of this Complaint as paragraphs 1-26 of Count IV.

27. On information and belief, Defendant had actual or constructive knowledge of or was willfully ignorant of the infringing activity and had the obligation and ability to control and stop the infringing activity, yet failed to do so.

28. Defendant's conduct constitutes inducement copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

29. As a result of the injury suffered by Plaintiff's business from Defendant's actions of inducement of copyright infringement, Plaintiff is entitled to recover actual and/or statutory damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as injunctive relief to prevent future infringement.

**WHEREFORE** Plaintiff, Flava Works, Inc. respectfully requests that this Honorable Court enter the following:

1. A judgment in its favor of Plaintiff, Flava Works, Inc. and against the Defendant for $1,200,000.00.

2. For a temporary restraining order, preliminary injunction, and permanent injunction against Defendant and his aliases, his agents, servants, representatives, employees, attorneys, parents, subsidiaries, related companies, partners, successors, predecessors, assigns, and all persons acting for, with, by, through, or under Defendant and each of them during the pendency of this action as preliminary injunction and permanently thereafter from:

    a. Restraining and enjoining Defendant from posting on any website(s) material that infringes Flava Works' Intellectual Property, as well as from facilitating the posting on any website(s) by third parties infringing material and/or links which enable the easy access to Flava Works' Intellectual Property that is located on third party websites;

    b. Restraining and enjoining Defendant from otherwise distributing, reproducing, using, copying, streaming, making available for download, or otherwise exploiting Flava Works' Intellectual Property, including Plaintiff's copyrighted works, trademarks, trade dress, or any other product or symbol with the indicia of Plaintiff's ownership, through use of their website(s) or otherwise;

    c. Restraining and enjoining Defendant from doing any other act, through any website(s) or otherwise, which shall confuse, deceive, cause mistake, etc.

among the relevant trade and general public as to the association, sponsorship and/or approval between Plaintiff and any website(s);

d. Restraining and enjoining Defendant from otherwise using, copying or otherwise exploiting Plaintiff's copyrights and copyrighted works;

e. Restraining and enjoining Defendant from otherwise using, disclosing. converting, appropriating. retaining. selling, transferring or copying any property of Plaintiffs;

3. Requiring Defendant to submit to the Court and to serve upon Plaintiff a report, written under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of this injunction;

4. Disgorging Defendant of any profits he may have made as a result of his infringement of Flava Works' Intellectual Property;

5. Awarding Plaintiff the actual damages sustained by Plaintiff as a result of Defendant' infringement of Flava Works' Intellectual Property, the amount of which is to be determined at trial;

6. Awarding Plaintiff compensatory and punitive damages, as deemed just and proper by this Court, as a result of the willful misconduct on the part of the Defendant;

7. Awarding Plaintiff the costs of this action, together with reasonable attorney's fees;

8. In the alternative, awarding Plaintiff statutory damages pursuant to the Copyright Act and the Lanham Act;

9. In the alternative, awarding Plaintiff enhanced statutory damages, pursuant to 15 U.S.C. § 504(c)(2) of the Copyright Act, for Defendant' willful infringement of Plaintiff's copyrighted works;

10. Requiring within ten (10) days after the entry of an order for either preliminary or permanent injunction, Defendant be required to turn over any files containing Plaintiff's Intellectual Property;

11. Requiring Defendant to deliver up for destruction all of Plaintiff's Intellectual Property.

12. Awarding trebled damages for Defendant' infringement of Plaintiff's copyrights.

13. Awarding punitive damages.

14. Awarding any such other and further relief as this Court deems just, reasonable and equitable.


## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues properly triable by jury in this action, pursuant to Rule 38 of the Federal Rules of Civil Procedure.


DATED: August 15, 2017

Respectfully Submitted,
s/ Juneitha Shambee, Esq.
Shambee Law Office, Ltd.
701 Main Street, #203
Evanston, IL. 60202
(773) 741-3602
(773) 945-6365 (fax)
juneitha@shambeelaw.com
ARDC# 6308145