UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **Flava Works, Inc.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-cv- 5957 |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| **Marc Juris** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## AMENDED COMPLAINT

Plaintiff, Flava Works, Inc. (hereinafter "Plaintiff" or "Flava Works"), for its Complaint against the Defendant, Marc Juris states as follows:

## PRELIMINARY STATEMENT

1. This is an action for copyright infringement pursuant to the 28 U.S.C. §§ 1331, 1338(a) and 1367 and pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq*. and the common law of contracts.

2. Plaintiff brings this action to stop Defendant from continuing to encourage, enable and contribute to the infringement of Plaintiff's copyrights on the Internet. Plaintiff is a corporation that produces adult entertainment in the form of DVDs, magazines, websites, pictures, streaming video and various other media. Plaintiff distributes its adult entertainment through various distributors and licensees, as well as through its websites: www.FlavaMen.com, www.CocoDorm.com, www.CocoStore.com, www.PapiCock.com, www.RawRods.com and www.ThugBoy.com, among others. Plaintiff has applied for and has registered various copyrights for its works.

3. Plaintiff is recognize nationally and internationally as a leader in the field of

production and distribution of adult entertainment due, in large part, to the goodwill and name recognition associated with its trademarks, as well as the high quality content that is associated with its copyrighted material. In order to join one of Plaintiff's websites, a member must first agree to Plaintiff's Terms of Service (hereinafter referred to as "TOS"). (See attached as Exhibit A). Once the member accepts the TOS and pays the initial membership fee with a credit card, (where certain personal information is recorded and maintained securely) the member is allowed to view Plaintiff's copyrighted material. As part of the TOS, members agree to not share Plaintiff's copyrights materials without the expressed permission, authorization and consent of Plaintiff. Plaintiff has continued in this manner since 2001. Based on years of research in industry, Plaintiff has developed its niche by determining what its customers and members responds to most and has hired models based on that research.

   4. Plaintiff has invested and continues to invest substantial sums of money, as well as time, effort, and creative talent, to discover and develop models, and to create, produce, advertise, promote sell and license works embodying the performances of the models in whose works Plaintiffs have exclusive rights. In order to create and sell such works, Plaintiffs make payments to these models, directors, photographers, editors, videographers and other personnel required in making its high quality material, as well as various other payments. Plaintiff recoups its investments largely from the sale and distribution of its works to the public and from fees for the reproduction, distribution, digital performance, or other exploitation of such works. Absent such compensation, profits and motivation are siphoned away from the Plaintiff and the pool of resources available for finding and promoting new products is diminished.

   5. Recognizing the quality of work in Plaintiff's copyrighted content, Defendant

joined Plaintiff's paid membership-only websites, with the first paid membership in 2008 until about 2012. (See attached as Exhibit B, Defendant's paid membership). In joining Plaintiff's websites, Defendant agreed, like any other member, to Plaintiff's TOS.

## I.  THE PARTIES

6.  Plaintiff, Flava Works, Inc. ("FW") is an Illinois corporation with its principal place of business in Chicago Illinois. It is in the business of, among other things, the distribution and sale of adult entertainment content in the form of DVDs, live web cams, online videos, still photography, magazines, and other audio and audio-visual works.

7.  On information and belief, Defendant, Marc Juris, is an individual who resides in New York, NY. Defendant is a past member of Plaintiff's several membership-only websites, wherein he joined with a credit card, inputting certain personal information.

8.  On information and belief, Defendant is also a member of several well-known file sharing websites that are designed and notorious for the illegal dissemination of copyright material.

9.  On information and belief, Defendant also holds an account with several file locker sites, wherein the sites are designed for the sole purposed of allowing the user to download and upload videos from websites at a much quicker pace.

## II.  JURISDICTION AND VENUE

10.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, § 1338 and § 1367 and pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*.

11.  This Court has jurisdiction over Defendant, because Defendant consented to

personal jurisdiction when he agreed to Plaintiff's Terms and Conditions, section 11, 1.1: "you hereby consent to the personal jurisdiction and venue of the courts located in Cook County, Illinois"

12. This Court has jurisdiction over Defendant, because Defendant is subject to personal jurisdiction in the State of Illinois under the Illinois Long Arm Statute.

13. Venue is proper in this district under 28 U.S.C. §§ 1400(a) and 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in this district.

### III. FACTS COMMON TO ALL CLAIMS

14. Each of the audiovisual works at issue in this action is a high quality production and is easily discernible as a professional work.

15. Each of the audiovisual works at issue in this matter is either registered to or there is a pending registration at the United States Copyright Office.

16. At all relevant times, Defendant join as a paid member of Plaintiff's websites (either or CocoDorm.com, Thugboy.com, PapiCock.com, MixItUpBoy.com or RawRods.com).

17. Defendant agreed to the terms and conditions of the site and as part of that agreement, Defendant agreed that he would not copy and distribute copyrighted videos of Plaintiff.

18. Notwithstanding the aforesaid agreements, Defendant downloaded copyrighted videos of Plaintiff as part of his paid memberships and, in violation of the terms and conditions of the paid sites, and posted and distributed the several of Plaintiff's videos on third party websites, including websites with peer-to-peer sharing and torrents technology.

19. To wit, on information and belief, Defendant downloaded, copied and distributed

without authorization, permission or consent, the following videos:

- A. Title: Cayden Cooper & Cody Kyler & DeAngelo Jackson
  US Copyright Registration: PA 1-687-480  Mixxxed Nuts #2: Taste the Crunch

- B. US Copyright Registration: VA 1-760-400  3-565 Cayden Cooper + Cody Kyler + DeAngelo Jackson

- C. Title: Columbia + Flamez, Miami Uncut #3, Papicock Presents Tropical Dicks
  US Copyright Registration: PA 1-748-155

- D. Title: Cody Kyler + Flamez , White Ass Punishers
  US Copyright Registration: PA 1-841-894 White Ass Punishers

- E. Title: Elmo Carter + Hotrod
  US Copyright Registration: PA 1-803-004  Raw Rods #10: Super Slayers

- F. Title: Hotrod + Manny Baby + Omoni
  US Copyright Registration: PA 1-789-156

- G. Title: Hotrod + Manny Baby + Omoni
  US Copyright Registration: VA 1-760-400 3-304

- H. Title: Swaggers #2: Dickin Down Deep
  US Copyright Registration: 1-737-151

- I. Title: Miami Uncut #5: Heatwave
  US Copyright Registration: PA 1-917-804

- J. Title: Kash St Clare + Sexy One
  US Copyright Registration: VA 1-760-400

- K. Title: Qpid Eros + Snow Bunni
  US Copyright Registration: PA 1-691-647 Snow Ballerz V4: 18 to Party, 21 to Swallow
  US Copyright Registration: VA 1-760-400

- L. Title: Flamez + Prince Lebeau; Papicock Presents: Miami Uncut #2: Hot as Hell
  US Copyright Registration: PA 1-737-154

- M. Title: Flamez + Billy Baxter; Black in White
  US Copyright Registration: PA 1-841-887

    N. Title: Flamez + Suspect; White Ass Punishers #2: Facedown Ass Up
      US Copyright Registration: PA 1-917-813

        (See attached as Group Exhibit C, Copyright Registrations and Pending Applications).

20. Under Section 106 of the Copyright Act of 1976, 17 U.S.C. § 101 et. seq. (the "Copyright Act"), Plaintiffs have the distinct, severable, and exclusive rights to, among other things, reproduce and distribute their copyrighted works and to publicly perform them by means of digital audio transmissions. 17 U.S.C. §§ 106 (1)-(6). At no time did Defendant receive permission, authorization or consent to use the aforesaid copyrighted works.

21. As a result of Defendant's conduct, third parties were able to download the aforesaid copyrighted videos, without permission of Plaintiff.

22. The Defendant knew or should have known that his actions of downloading and sharing of Plaintiff's works without permission, authorization or consent was likely to cause harm to Plaintiff.

23. That Plaintiff has a special "watermark" on all its content that makes its content easily recognizable on any platform and it is through that "watermark" Plaintiff was able to discern where its content was distributed.

24. Once determining where its content was distributed, Plaintiff was able to determine the original location of the video, such as who uploaded the video to such location by certain identifying marks, one being emails.

25. Defendant first joined Plaintiff member-only website at least as early as 2008. (See Exhibit B).

26. The emails Defendant used with his membership on Plaintiff's member-only

website, which are "marc917@hotmail.com","skyridernyc@yahoo.com", "marcjuris@mac.com" and "cloudrunnernyc@yahoo.com" are the same emails used on the third party websites where Plaintiff's copyrighted material was uploaded.

27. Furthermore, the same user names that Defendant name used on Plaintiff's member-only websites, which are "marc917" and "skyridernyc" was also used as his member name on the torrent sites, gayheaven.org and gay-torrent.org, where Plaintiff's copyrighted works were uploaded without permission, authorization or consent. (See attached as Exhibit D, Screenshots of Defendant's membership with torrent sites).

28. On information and belief, after such an investigation, it was determined that Defendant uploaded several of Plaintiff's unauthorized content to the aforesaid third party sites, gay-torrent.org and gayheaven.org, both which are notorious for peer-to-peer sharing of copyrighted videos.

29. Upon further investigation, it was found that Defendant also holds or has held a premium account to several file lockers sites, believe to be held with the intent to upload and download said videos at faster paces, to aid and abet him in downloading and sharing Plaintiffs videos at much rapid speeds. Such file locker sites are Rapidgator.com, Depositfiles.com, Filefactory.com and Uploaded.net.

### COUNT I

**(Direct Copyright Infringement as to Defendant – 17 U.S.C. § 501.)**

1-29. Plaintiff incorporates and re-alleges paragraphs 1-29 of this Complaint as paragraphs 1-29 of Count I.

30. Defendant' conduct interferes with Plaintiff's exclusive right to reproduce, distribute and display the copyrighted works.

31. Defendant' conduct constitutes copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

32. Defendant' aforesaid activities constitute infringement of Plaintiff's copyrights.

33. Each infringement by Defendant of Plaintiff's copyrighted works constitutes a separate and distinct act of infringement.

34. Defendant's acts of infringement were willful, in disregard of and with indifference to the rights of Plaintiff's.

35. As a result of the injury suffered by Plaintiff's business from Defendant' actions of direct copyright infringement, Plaintiff is entitled to recover actual damages, which shall be determined at trial.

36. Alternatively, Plaintiff is entitled to the maximum statutory damages in the amount of $150,000 with respect to each work infringed, or for such other amounts as may be proper under 17 U.S.C §504.

37. Plaintiff is further entitled to recover its attorneys' fees and full cost pursuant to 17 U.S.C. § 505.

38. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendant will continue to infringe Plaintiff's rights in its copyrighted works. Plaintiff is entitled to preliminary and permanent injunctive relief.

## COUNT II

### (Contributory Copyright Infringement.)

1-38. Plaintiff incorporates and re-alleges paragraphs 1-38 of this Complaint as paragraphs 1-38 of Count II.

39. On information and belief, Defendant aided, abetted, allowed, encouraged and otherwise materially contributed to the infringement of Plaintiff's Intellectual Property by copying, posting, and/or distributing its copyrighted videos without permission.

40. On information and belief, Defendant had actual or constructive knowledge of or was willfully ignorant of the infringing activity and had the obligation and ability to control and stop the infringing activity, yet failed to do so.

41. Defendant's conduct constitutes contributory copyright infringement that this may remedy under Sections 106 and 501 of the Copyright Act. Notwithstanding such knowledge, Defendant has failed to take simple measures, readily available to Defendant, that could prevent further damage to Plaintiff's copyrighted works.

42. Each infringement by Defendant of Plaintiff's copyrighted works constitutes a separate and distinct act of infringement.

43. Defendant's acts of infringement were willful, in disregard of and with indifference to the rights of Plaintiff's.

44. As a result of the injury suffered by Plaintiff's business from Defendants' actions of contributory copyright infringement, Plaintiff is entitled to recover actual damages, which shall be determined at trial.

45. Alternatively, Plaintiff is entitled to the maximum statutory damages in the amount of $150,000 with respect to each work infringed, or for such other amounts as may be proper under 17 U.S.C §504.

46. Plaintiff is further entitled to recover its attorneys' fees and full cost pursuant to

17 U.S.C. § 505.

47. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendant will continue to infringe Plaintiff's rights in its copyrighted works. Plaintiff is entitled to preliminary and permanent injunctive relief.

## COUNT III

### (Vicarious Copyright Infringement.)

1-47. Plaintiff incorporates and re-alleges paragraphs 1-47 of this Complaint as paragraphs 1-47 of Count III.

48. On information and belief, Defendant had actual or constructive knowledge of or was willfully ignorant of the infringing activity and had the obligation and ability to control and stop the infringing activity, yet failed to do so.

49. Each infringement by Defendant of Plaintiff's copyrighted works constitutes a separate and distinct act of infringement.

50. Defendant's acts of infringement were willful, in disregard of and with indifference to the rights of Plaintiff's.

51. As a result of the injury suffered by Plaintiff's business from Defendants' actions of vicarious copyright infringement, Plaintiff is entitled to recover actual damages, which shall be determined at trial.

52. Alternatively, Plaintiff is entitled to the maximum statutory damages in the amount of $150,000 with respect to each work infringed, or for such other amounts as may be proper under 17 U.S.C §504.

53. Plaintiff is further entitled to recover its attorneys' fees and full cost pursuant to 17 U.S.C. § 505.

54. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendant will continue to infringe Plaintiff's rights in its copyrighted works. Plaintiff is entitled to preliminary and permanent injunctive relief.

## Count IV

### (Inducement of Copyright Infringement.)

1-54 Plaintiff incorporates and re-alleges paragraphs 1-54 of this Complaint as paragraphs 1-54 of Count IV.

55. On information and belief, Defendant had actual or constructive knowledge of or was willfully ignorant of the infringing activity and had the obligation and ability to control and stop the infringing activity, yet failed to do so.

56. Defendant's conduct constitutes inducement copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

57. Each infringement by Defendant of Plaintiff's copyrighted works constitutes a separate and distinct act of infringement.

58. Defendant's acts of infringement were willful, in disregard of and with indifference to the rights of Plaintiff's.

59. As a result of the injury suffered by Plaintiff's business from Defendants' actions of inducement of copyright infringement, Plaintiff is entitled to recover actual damages, which shall be determined at trial.

60. Alternatively, Plaintiff is entitled to the maximum statutory damages in the amount of $150,000 with respect to each work infringed, or for such other amounts as may be proper under 17 U.S.C §504.

61. Plaintiff is further entitled to recover its attorneys' fees and full cost pursuant to 17 U.S.C. § 505.

62. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendant will continue to infringe Plaintiff's rights in its copyrighted works. Plaintiff is entitled to preliminary and permanent injunctive relief.

## COUNT V

### (Breach of Contract)

1-62 Plaintiff incorporates and re-alleges paragraphs 1-62 of this Complaint as paragraphs 1-62 of Count V.

63. Defendant had actual or constructive knowledge that he when he accepted the TOS of Plaintiff's websites when joining; he was entering a binding contract with the Plaintiff.

64. As part of that contract, Plaintiff promised to provide entertainment to Defendant for a set price and in turn, Defendant agreed to not pilfer Plaintiff's property for his own use or use of others with the permission, authorization or consent of the Plaintiff.

65. Before allowed access to Plaintiff's websites, Defendant expressly and openly agreed to these terms, among others terms.

66. When Defendant download and shared Plaintiffs copyrights content without the

permission, authorization or consent of Plaintiff, Defendant breach the agreement [contract] he made with the Plaintiff.

      67.      Defendant knew or should have known that in breaching his agreement with the Plaintiff, he would cause damage to Plaintiff.

      68.      As a direct and proximate cause of Defendant's actions, Plaintiff did suffer injuries.

      69.      As a result of the injury suffered by Plaintiff's business from Defendants' actions of breach, Plaintiff is entitled to recover actual damages, which shall be determined at trial.

      70.      As a result of the injury suffered by Plaintiff's business from Defendant's actions of breach, Plaintiff is also able to recover reasonable attorney's fees and cost.

**WHEREFORE** Plaintiff, Flava Works, Inc. respectfully requests that this Honorable Court enter the following:

1. A judgment in its favor of Plaintiff, Flava Works, Inc. and against the Defendant for $1,650,000.00.
2. For a temporary restraining order, preliminary injunction, and permanent injunction against Defendant and his aliases, his agents, servants, representatives, employees, attorneys, parents, subsidiaries, related companies, partners, successors, predecessors, assigns, and all persons acting for, with, by, through, or under Defendant and each of them during the pendency of this action as preliminary injunction and permanently thereafter from:
    a. Restraining and enjoining Defendant from posting on any website(s) material that infringes Flava Works' Intellectual Property, as well as from

facilitating the posting on any website(s) by third parties infringing material and/or links which enable the easy access to Flava Works' Intellectual Property that is located on third party websites;

b. Restraining and enjoining Defendant from otherwise distributing, reproducing, using, copying, streaming, making available for download, or otherwise exploiting Flava Works' Intellectual Property, including Plaintiff's copyrighted works, trademarks, trade dress, or any other product or symbol with the indicia of Plaintiff's ownership, through use of their website(s) or otherwise;

c. Restraining and enjoining Defendant from doing any other act, through any website(s) or otherwise, which shall confuse, deceive, cause mistake, etc. among the relevant trade and general public as to the association, sponsorship and/or approval between Plaintiff and any website(s);

d. Restraining and enjoining Defendant from otherwise using, copying or otherwise exploiting Pplaintiff's copyrights and copyrighted works;

e. Restraining and enjoining Defendant from otherwise using, disclosing. converting, appropriating. retaining. selling, transferring or copying any property of Plaintiffs;

3. Requiring Defendant to submit to the Court and to serve upon Plaintiff a report, written under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of this injunction;

4. Disgorging Defendant of any profits he may have made as a result of his infringement of Flava Works' Intellectual Property;

5. Awarding Plaintiff the actual damages sustained by Plaintiff as a result of Defendant' infringement of Flava Works' Intellectual Property, the amount of which is to be determined at trial;

6. Awarding Plaintiff compensatory and punitive damages, as deemed just and proper by this Court, as a result of the willful misconduct on the part of the Defendant;

7. Awarding Plaintiff the costs of this action, together with reasonable attorney's fees;

8. In the alternative, awarding Plaintiff statutory damages pursuant to the Copyright Act and the Lanham Act;

9. In the alternative, awarding Plaintiff enhanced statutory damages, pursuant to 15 U.S.C. § 504(c)(2) of the Copyright Act, for Defendant' willful infringement of Plaintiff's copyrighted works;

10. Requiring within ten (10) days after the entry of an order for either preliminary or permanent injunction, Defendant be required to turn over any files containing Plaintiff's Intellectual Property;

11. Requiring Defendant to deliver up for destruction all of Plaintiff's Intellectual Property.

12. Awarding trebled damages for Defendant' infringement of Plaintiff's copyrights.

13. Awarding punitive damages.

14. Awarding any such other and further relief as this Court deems just, reasonable and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues properly triable by jury in this action, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: November 2, 2017

Respectfully Submitted,
s/ Juneitha Shambee, Esq.
Shambee Law Office, Ltd.
701 Main Street, #203
Evanston, IL. 60202
(773) 741-3602
(773) 945-6365 (fax)
juneitha@shambeelaw.com
ARDC# 6308145