**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| FLAVA WORKS, INC. )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MARC JURIS, )<br>)<br>    Defendant )<br>)<br>MARC JURIS, )<br>)<br>    Counter-Plaintiff, )<br>)<br>v. )<br>)<br>FLAVA WORKS, INC. )<br>)<br>    Counter-Defendant ) | CASE NO.: 17-cv-5957<br><br>Honorable Amy J. St. Eve |

**DEFENDANT/COUNTER-PLAINTIFF MARC JURIS' MOTION FOR ENTRY OF CONFIDENTIALITY ORDER**

Defendant/Counter-Plaintiff, Marc Juris, by and through his attorneys, moves for entry of Confidentiality Order and in support thereof states as follows:

1. On January 9, 2018, this Court ordered that "Parties shall submit (not file) an agreed protective order by 01/19/18." (Doc. 38).

2. To date, Plaintiff/Counter-Defendant Flava Works refuses to agree to a confidentiality order which would include the following category as Confidential Information: "(h) records pertaining to a person's sexual preferences, private sexual conduct, use of pornographic materials or other materials containing sexual content."

3. As stated in footnote one to the Model Confidentiality Order, "Counsel may also modify this model order as appropriate for the circumstances of the case. This model order is for the convenience of the parties and the court and not intended to create a presumption in favor of the provisions in the model order and against the alternative language proposed by the parties."

4. Moreover, pursuant to Federal Rule of Civil Procedure 26(c)(1), the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression…"

5. True to form, Flava Works refuses to agree to keep records pertaining to a person's sexual preferences, private sexual conduct, use of pornographic materials or other materials containing sexual content off of the public record. Tellingly, after Defendant/Counter-Plaintiff initially filed an action in the Central District of California as a "John Doe" Plaintiff (Doc. 16, p. 3), Flava Works immediately filed this above-captioned action exposing Defendant/Counter-Plaintiff's identity.

6. As plead in the Counterclaim (Doc. 29) and only further reflected by the refusal to the confidentiality provision at issue, Flava Works improperly looks to capitalize on the annoyance and embarrassment caused by filing on the public record documents relating to a person's sexual preferences, private sexual conduct, alleged use of pornographic materials and/or other materials containing sexual content. This type of conduct is well documented; "Judges within this district have recognized that plaintiffs in these types of cases might unfairly threaten to disclose

defendants' identities in order to improperly leverage settlement negotiations." *Sunlust Pictures, LLC v. Does 1-75*, No. 12 C 1546, 2012 WL 3717768 at *6 (N.D.Ill. Aug. 26, 2012); *see also Malibu Media, LLC v. John Does 1-6,* No. 12 C 08903, 291 F.R.D. 191, 206-207 (N.D. Ill. May 17, 2013) (same and finding persuasive the argument "that copying and distributing pornography involves matters of a sensitive and highly personal nature that deserve some protection from the public eye") (internal citations omitted). Most importantly, Flava Works, Inc. itself has been party to a case where the Court has entered a protective order "barring disclosure of [Defendant X's] identity during the pendency of the case." *Flava Works, Inc. v. Does*, No. 12 C 07869, 2014 WL 2227222 (N.D. Ill. Jan. 21, 2014).

7. Not surprisingly, pre-suit Flava Works threatened that "once we get our complaint filed – it will be a matter of public record anyway. However, I will hold off on a press release for the time being." (Doc. 29, p. 29 ¶17).

8. Flava Works' election to name Defendant/Counter-Plaintiff despite knowing of his prior filing as "John Doe" along with Flava Works' conduct alleged in the Counterclaim cannot put the proverbial toothpaste back into the tube. Accordingly, Defendant/Counter-Plaintiff's next course of action is to, at least, have a Confidentiality Order entered that prevents the publication of records pertaining to a person's sexual preferences, private sexual conduct, use of pornographic materials or other materials containing sexual content.

9. Moreover, given the pending defamation and intentional infliction of emotional distress counterclaims, it would be nonsensical and wasteful to

3

exacerbate the problem (and damages) of publishing such records. Such conduct will only further complicate and convolute the pending matter.

10. After multiple e-mails the week of January 15, 2018 and a telephonic meet-and-confer pursuant to Local Rule 37.2 on January 23, 2018, Flava Works has refused to agree to the proposed confidentiality provision.

11. Accordingly, immediately upon filing this Motion, pursuant to the Case Procedures on the United States District Court, Northern District of Illinois, website for Judge Amy J. St. Eve, Defendant/Counter-Plaintiff submits – as opposed to files – the proposed Confidentiality Order for consideration and entry.

WHEREFORE, Defendant/Counter-Plaintiff Marc Juris requests that the Court enter the submitted Confidentiality Order and for any other relief this Court deems proper.

Respectfully Submitted,

By:  /s/ John (Jack) Prior
     One of the Attorneys for Marc Juris

Mark J. Geragos (lead trial attorney)
David Erikson (motion for leave to appear pro hac to be filed)
Geragos & Geragos, APC
644 South Figueroa Street
Los Angeles, CA  90017
mark@geragos.com
erikson@geragos.com

Steven A. Hart
John (Jack) Backes Prior
Hart McLaughlin & Eldridge, LLC
121 W. Wacker Drive, Suite 1050

4

Chicago, Illinois 60601
shart@hmelegal.com
jprior@hmelegal.com

5