IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Flava Works, Inc.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-cv- 5957 |
| | ) | |
| v. | ) | |
| | ) | |
| **Marc Juris** | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF ATTORNEY'S CHARGING LIEN

The undersigned counsel hereby give notice of the imposition of a charging lien against the benefits received, if any, by the Plaintiff, Flava Works, Inc. (the "Plaintiff") and states as follows:

1. The undersigned entered into a contract with the Plaintiff wherein the Plaintiff was required to pay the undersigned on a mixed fee basis, hourly and contingency fee.

2. As of the date of this notice, the Plaintiff incurred attorney fees in an amount due and owing.

3. Furthermore, the undersigned has worked tirelessly on this matter to its virtual conclusion.

4. In cases in which an attorney who has done much work is fired immediately before settlement is reached, the factors involved in determining a reasonable fee would justify a finding that the entire contract fee is the reasonable value of services rendered. *Wegner v. Arnold*, 305 Ill. App. 3d 689 (1999).

5. A discharged attorney might be able to recover the full contingent fee "in cases in which an attorney who has done much work is *fired immediately before a settlement* is reached." *Rhoades v. Norfolk & Western Ry. Co.*, 78 Ill. 2d 217 dicta (1979).

6. Under Illinois law, a fee agreement between an attorney and client gives rise to an equitable lien where the agreement "makes an equitable assignment of a portion" of a fund. *E.g., Home Fed. Sav. and Loan Ass'n of Centralia v. Cook,* 170 Ill. App. 3d 720 (Ill. App. Ct. 1988).

7. It is quite settled that an attorney's lien under the Attorneys Lien Act is a lien upon the proceeds, only, of the litigation or settlement of the claim. The attorney's only interest is in the proceeds of the litigation or its settlement. *People v. Philip Morris*, 198 Ill. 2d 87 (2001).

8. Finally this notice is also intended to inform the defense counsel of the charging lien. By serving a notice claiming a lien an attorney in effect becomes a joint claimant with his client in the proceeds of any settlement that may be made by the client, and to the extent of the amount of his fee has the same interest in such proceeds as his client and is entitled to his pro rata share thereof. Further, once an attorney serves proper notice of the lien on the client's adversary, that party bears responsibility for respecting the lien. If the underlying defendant does not respect the lien, then the defendant becomes liable for the attorney fees. *Id* at 97.

WHEREFORE, the undersigned provides notice to all parties and their counsel that the undersigned is imposing a charging lien against:

    A.    Any benefit derived as a result of the undersigned efforts, if any, received by the Plaintiff;

    B.    For the amounts currently due and owing for attorney fees;

    C.    The quantum meruit value of her services rendered; AND

    D.    Any additional or alternative relief the Court deems just and proper.

Dated: March 12, 2019

Respectfully,

s/ Juneitha Shambee

Shambee Law Office, Ltd.
701 Main Street, Ste. 200A
Evanston, IL. 60202
juneitha@shambeelaw.com
ARDC:6308145