**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Flava Works, Inc., | ) | |
| | ) | Civil Action No. 17 CV 5937 |
| Plaintiff, | ) | |
| | ) | Honorable Joan B. Gottschall |
| v. | ) | Presiding Judge |
| | ) | |
| Marc Juris, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO QUASH AND/OR ADJUDICATE ATTORNEY'S LIEN**

Plaintiff Flava Works moves this Court to quash and/or adjudicate an attorney's lien asserted by attorney Juneitha Shambee against Flava Works.

**BACKGROUND**

Ms. Shambee has been an attorney of record and involved with the present action since filing the case on behalf Flava Works, Inc. on August 15, 2017. On February 6, 2019, Ms. Shambee failed to appear on behalf of Flava Works in this matter for a status hearing. Additionally, on February 27, 2019, Ms. Shambee quit working as a staff attorney for Flava Works upon filing a notice to withdraw from a federal appeals case without any notice to Flava Works, Inc. Flava Works then immediately demanded that Ms. Shambee withdraw from the present case and terminated her from all cases she was handling on behalf of the company; she refused to do so. On March 13, 2019, Ms. Shambee filed an attorney's lien against Flava Works regarding this matter. The lien was neither served via U.S. registered or U.S. certified Mail; it did not indicate an exact amount due and owing; and, it was not perfected, because it was served after the attorney-client relationship has ended

## ARGUMENT

Ms. Shambee's attorney's lien is invalid on its face and in substance, and she is not entitled to a lien against any funds recovered by Flava Works. The Illinois Attorneys Lien Act is a statutory remedy only. *See* 770 ILCS 5/1. Strict compliance with the requirements of the Act is necessary to "establish a lien and ensure a right of action for enforcement." *See, e.g., In re Del Grosso,* 111 B.R. 178, 182 (Bankr. N.D. Ill 1990). To perfect a lien, "the attorney must serve notice of the lien during the existence of the attorney-client relationship." *See, e.g., Triskett Ill. V. Dixon (In re T.C. Assocs. Ltd. Partnership)*, 163 B.R. 140, 145 (Bankr. D. Ill. 1994). This requirement is essential to perfecting the lien." *In re Del Grosso*, 111 B.R. at 182; *see also Rhoades v. Norfolk & W. Ry. Co.*, 78 Ill. 2d 217, 227, 339 N.E.2d 969, 974, 35 Ill. Dec 680 (1979) ("[B]y the time the firm attempted to perfect its lien, there was no longer an underlying attorney-client relationship, a necessity for the perfection of the attorney's lien."); *Department of Public Works v. Exchange Nat'l Bank*, 93 Ill. App. 3d 390, 394, 417 N.E.2d 1045, 1048, 49 Ill. Dec. 218 (2d Dist. 1981) ("The filing of notice of lien by an attorney during the existence of the attorney-client relationship is a prerequisite for perfecting the statutory attorney's lien."

In addition, in order that an attorney's lien be enforceable, "such attorneys shall serve notice in writing, which service may be made by registered or certified mail." *See* 770 ILCS 5/1. Furthermore, "notice must be served on the party against whom the client has the claim … [s]ervice on a party's attorney is insufficient to perfect an attorney's lien." *American Nat'l Bank v. Alps Electric Co.* 2004 U.S. Dist. 455, *6. Ms. Shambee's purported Notice of Attorney's Lien is procedurally invalid and unenforceable.

**Ms. Shambee Failed to Serve Notice During the Existence of the Attorney-Client Relationship**

Flava Works terminated Ms. Shambee on March 1, 2019. Ms. Shambee did not serve the attorney's lien pursuant to 770 ILCS 5/1, because the notice was not sent via certified or registered mail, and it was sent after the attorney-client relationship had ended—and not during that relationship. *Department of Public Works v. Exchange Nat'l Bank*, 93 Ill. App. 3d 390, 394, 417 N.E.2d 1045, 1048, 49 Ill. Dec. 218 (2d Dist. 1981) ("The filing of notice of lien by an attorney during the existence of the attorney-client relationship is a prerequisite for perfecting the statutory attorney's lien.")

## CONCLUSION

Ms. Shambee has failed on multiple grounds to perfect her purported lien. As such, Flava Works respectfully requests that this Court quash and/or adjudicate Ms. Shambee's purported attorney's lien and declare said lien invalid and unenforceable.

Dated: June 19, 2019                                    Respectfully submitted,


                                                        By      /s/ *Bryan Edward Moore*