# Shambee LAW OFFICE LTD

*Of The People, For The People*

**Attorney – Client Agreement**

**EXHIBIT A**

Client Name __Flava Works, Inc.__  Address __3526 S. Prairie Ave, Chg, IL.__

Contact Name __Phillip Bleicher, Agent for Flava Works, Inc.__

Retained Legal Services __Copyright Infringement Prosecution__

This agreement sets forth the terms and conditions under which Shambee Law Office, Ltd. ("SLOL," "we," or "us") will undertake representation of Flava Works, Inc. ("FW" or the "Client" or "you") in connection with your claims against __Marc Juris__ (the "Matter"). Services rendered after our engagement but before the signing of this agreement will be covered by these terms and conditions. You agree to the terms and conditions of this letter either by signing it in the space provided below.

1. **Professional Undertaking**

SLOL has undertaken to represent you only in connection with the Matter and not undertaken to represent you in connection with any other dispute or issue. Although we endeavor to represent your interests vigorously and efficiently, we cannot guarantee success in any given case. You acknowledge that SLOL has made no promises or guarantees concerning the outcome of the Matter, and nothing in this agreement, or in any prior discussions we may have had, can be construed as such a promise or guarantee. You acknowledge that SLOL's performance depends, in part, upon:

   a. Our prompt receipt of documentation, information, authorization, and instructions from you;
   b. Your prompt review and execution of documents; and
   c. Your cooperation in general.

You therefore agree to cooperate with SLOL:

   a. In the investigation, preparation, and defense of the Claims;
   b. By providing us with all requested documents and information;
   c. In disclosing truthfully and fully all facts and information;
   d. In keeping us advised of all developments relating to the Matter; and
   e. By attending meetings, hearings, and other proceedings upon request.

2. **Fees and Billing**

You agree that SLOL will handle the trial and any significant hearings in the Matter, that includes any attorneys employed under or in conjunction with SLOL. If outside counsel is brought in on your matter, SLOL will inform you of such for approval. You acknowledge that the hourly rates incurred in connection with SLOL's representation of you may increase in the future as SLOL increases its rates to correspond to increasing costs. In connection with the Matter, SLOL will be compensated by a mix of billable (or "hourly") rates and contingency fees. SLOL agrees to charge one-sixth of its ordinary hourly rates of ▮▮▮▮▮▮▮▮▮. In addition, SLOL is assigned a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ upon all recoveries, however denominated, as set out in this paragraph 2.

With respect to the billable portion of our fees, SLOL will send you invoices on a monthly basis for services rendered and costs and expenses incurred (see below) during the preceding month. You agree

to review those bills and to promptly let us know if there are any problems, complaints or disagreements with the bill. Otherwise, the invoices are to be paid within 30 days of the day they are issued. With respect to the contingency fee interest being conveyed here, when you sign this agreement, you are conveying to us an irrevocable 30% interest in all proceeds of the Matter, whether obtained by settlement or by judgment or otherwise and whether denominated actual damages, costs, attorneys' fees, punitive damages or other recovery, and in whatever form they may take. In the event that settlement is obtained or judgment rendered in such a manner that you obtain non-monetary relief or consideration, we will propose a valuation of the proceeds of your case. If you disagree with that value, then within five days of receiving ours, you will state your own value. If we cannot reach an agreement, we will engage in a one-day "baseball" style arbitration by submitting the two competing valuations to a mutually acceptable arbitrator, who shall choose one of the two valuations at the end of the arbitration session. Each of us will provide to the other all data reasonably necessary to evaluate any in-kind interest or non-monetary consideration that is created by virtue of this representation. SLOL may memorialize its interest by making appropriate filings where appropriate. When and if funds are received that are subject to the contingency interest set forth here, you consent in advance to have them negotiated into the SLOL trust account. Prior to any distribution of such funds, however, you will be provided a complete accounting of proposed distributions and must consent to those distributions.

3. Costs and Expenses

It is often necessary for us to incur expenses for items such as travel, lodging, meals, telephone calls, transcription, and the like. Similarly, some matters require substantial amounts of costly ancillary services such as photocopying, messenger and delivery services, and computerized legal research. In order to allocate these expenses fairly and to keep hourly rates as low as possible for those matters that do not involve such expenditures, these items are separately invoiced on our statements as "costs and expenses." You agree to reimburse SLOL for all such costs and expenses incurred in connection with the Matter, including, but not limited to, photocopying, messenger and delivery services, expert witnesses, court reporter fees, computerized research, travel (including mileage, parking, air fare, lodging, meals, and ground transportation), long distance telephone calls, tele-copying, court costs, filing fees, and other similar expenses. Certain of the preceding items may be charged at more than FL's direct costs in order to cover overhead. Generally, these expenses are of the magnitude that we advance them from time to time and incorporate them in the following month's bill. If, however, any one out-of-pocket cost for a month exceeds $2,500, we reserve the right to provide you the invoice or other evidence of cost directly. If we do so, you will pay the cost upon the terms and at the times set out for such invoice.

4. Termination

You have the right to terminate our representation at any time. You agree that SLOL will have the same right to withdraw from the representation under the following circumstances:

    a. If you breach this agreement;

    b. If you fail to cooperate with FL in this representation;

    c. If, for professional or ethical reasons (such as a presently unknown conflict of interest), SLOL cannot proceed with the representation.

If SLOL elects to withdraw, we shall give you reasonable notice to enable you to secure other counsel, and you agree to execute any documents necessary to complete the withdrawal.

If you elect to terminate this agreement, it will not terminate our contingency interest in the outcome of the Matter. Should you breach this agreement in such a manner that we are reasonably required to withdraw or to terminate the agreement, we will attempt to accommodate new counsel should you choose to hire new counsel, but while we may choose to do so, under no circumstances are we required to relinquish any part of the contingency fee provided herein in order to make that accommodation.

5. Nonpayment

By your execution of this engagement letter, you agree that we are relieved from the responsibility of performing any further work in the event that you fail to pay any monthly statement for fees and expenses (including bills for expenses received from third parties) within thirty (30) days of receipt of such statements. In the event of such default, you agree that we may move to withdraw as your counsel in any matter in which we have made an appearance on your behalf and that you will promptly execute or consent to any motion required to accomplish the withdrawal. The non-payment of the billable portion of this fee, however, and SLOL's subsequent withdrawal, shall not extinguish the contingency interest set forth in this agreement.

6. Record Retention Policy

SLOL maintains case files electronically using MyCase. During the normal course of litigation, both paper and electronic files are collected. Upon the conclusion of litigation, Shambee Law Office, Ltd. may retain portions of the case file pursuant to our firm's record retention policy and any applicable confidentiality agreement or protective order. To reduce costs, SLOL recycles paper products and may discard old case files. If you want SLOL to return original client documents or send you any portion of the file, you agree to let us know in writing within 30 days of the conclusion of the matter. SLOL will not be responsible for file materials that you do not request in writing within 30 days and which are eventually destroyed under our record retention policy.

7. Integration, Choice of Law, Disciplinary Rules, Arbitration

This agreement represents the entire agreement between us. In entering this agreement, SLOL has not made, and you are not relying upon, any representations or promises other than those contained in writing in this letter. To avoid any misunderstanding over the terms of this representation, this agreement shall not be modified or waived in any respect except in writing signed by both parties.

This agreement shall be construed under and in accordance with the laws of the state of Illinois, excluding any conflicts of law, rule or principle that might otherwise refer to the substantive law of another jurisdiction.

It is our intention to follow the Illinois Rules of Professional Conduct, which is published and updated on the Internet by the Illinois Supreme Court at http://www.illinoiscourts.gov/SupremeCourt/Rules/Art_VIII/default_NEW.asp. If, despite that intent and endeavor, any part of this agreement shall for any reason be found unenforceable, the parties agree that (1) all other portions shall nevertheless remain valid and enforceable, and (2) a provision most

similar to the stricken provision but otherwise complying with applicable law shall be substituted therefore.

Any dispute arising out of or relating to this agreement, our interactions leading to it or our performance of the agreement or of the representation of you shall be resolved as follows. First, the parties agree that sixty (60) days before filing any arbitration proceeding hereunder, the party requesting relief must demand and attend mandatory mediation before a mutually acceptable mediator to attempt to resolve any dispute. In the event the parties are unable to resolve such dispute, the affected party shall initiate an arbitration proceeding utilizing the rules of (but not employing) the American Arbitration Association ("AAA") for the arbitration of complex commercial cases. In any dispute of less than $250,000, the parties shall jointly appoint a single arbitrator. In any dispute of a greater amount, each party shall appoint his/her or its own party arbitrator, and these two party arbitrators shall in turn appoint a third, neutral arbitrator. All party arbitrators' conduct and the tests for their eligibility shall be governed by AAA rules of disinterest. The time limits hereunder shall not apply in the event emergency injunctive relief is required, but only to the extent of such emergency injunctive relief itself. If the foregoing correctly reflects your understanding of the terms and conditions of our representation, please indicate your acceptance by executing this letter in the space provided below and returning it to me.

Attorney Proposing Offer _____  Date __7-11-17__

Client Accepting Offer _____  Date __7-11-17__