IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FLAVA WORKS, INC., ) | |
| ) | Case No. 17 CV 5957 |
| Plaintiff, ) | |
| ) | Judge Joan B. Gottschall |
| v. ) | |
| ) | |
| MARC JURIS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

After reviewing the unredacted response intervener wishes to file under seal and the accompanying exhibits [89-1], the court finds that intervener has not shown good cause for the proposed redactions. "In civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is entitled to be kept secret . . . ." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002) (citations omitted). Intervener submits that the redactions are intended to protect information "that is sensitive and that could jeopardize the integrity of the Settlement Agreement . . . due to a confidentiality clause." Am. Mot. Seal 1, ECF No. 86. The court does not see anything in the proposed redactions obviously pertaining to the terms of the settlement agreement. The proposed redactions instead appear to withhold the terms of a separate retainer agreement between a lawyer (intervener) and client (the plaintiff).

Intervener identifies no privilege or statutory rule requiring confidentiality of the terms of the retainer agreement. The retainer agreement itself (Unredacted Resp., ECF No. 89 at 9-12 Ex. A) contains no confidentiality clause. Intervener has not suggested, or shown, that the attorney-

client privilege, protects any part of the retainer agreement. "As a general rule, matters involving the receipt of fees from a client are not privileged as they do not involve confidential communications." *In re Walsh*, 623 F.2d 489, 494 (7th Cir. 1980) (citing *In re January 1976 Grand Jury* (Genson), 534 F.2d 719 (7th Cir. 1976); *United States v. Hodgson*, 492 F.2d 11751 (10th Cir. 1974); *United States v. Haddad*, 527 F.2d 537 (6th Cir. 1975)) (retainer agreement not privileged). Rather, "information about a known client's fees is privileged only if, under the circumstances, its disclosure would in effect reveal confidential communications between the attorney and client." *In re Witnesses Before The Special March 1980 Grand Jury*, 729 F.2d 489, 495 (7th Cir. 1984). If this is the case, intervener does not say so.

Because intervener represents that the settlement agreement may be jeopardized by unsealing the proposed response, all of the parties will be provided with an opportunity to supplement the motion to seal. Any further filings supporting the motion to seal (ECF No. 86) are due by and including August 2, 2019. If no supplements are filed by that date, the motion to seal will be denied, and plaintiff's proposed response and the accompanying exhibits (ECF No. 89) will be unsealed. If supplemental material is timely filed, the proposed response will remain sealed until the court has decided the motion to seal (ECF No. 86). The motion hearing set for July 31, 2019, is stricken; no appearance is required to present the motion to seal. The court will rule by mail on the motion to seal and any supplemental material.

Completing briefing on plaintiff's motion to quash need not await a decision on the motion to seal. Any reply in support of the motion to quash (ECF No. 73) is due on or before August 5, 2019.

Date:  July 30, 2019                                    _____/s/_____
                                                        Joan B. Gottschall
                                                        United States District Judge

2