IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FLAVA WORKS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No..:17-cv-5957 |
| ) | |
| MARC JURIS, ) | Judge Joan B. Gottschall |
| ) | |
| Defendant ) | |
| ) | |
| MARC JURIS, ) | |
| ) | |
| Counter-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FLAVA WORKS, INC. ) | |
| ) | |
| Counter-Defendant ) | |

**DEFENDANT'S SUPPLEMENT BRIEF IN SUPPORT OF
LIMITED PORTION OF PLAINTIFF'S MOTION TO SEAL**

Defendant, by and through his counsel, Hart McLaughlin & Eldridge, LLC, files this Supplemental Brief in support of Limited Portion of Plaintiff's Motion to Seal, and states as follows:

1. The Plaintiff/Counter-Defendant Flava Works, Inc. ("Flava") and Defendant/Counter-Plaintiff (hereinafter, "Defendant") agreed to a resolution of the entirety of this dispute in February 2019. (*See, e.g.* Dkt. 63).

2. Unfortunately, due to no fault of Defendant, a separate dispute has arisen between Flava and Flava's prior counsel – Shambee Law Office, Ltd. ("SLOL")

1

– regarding Flava's and SLOL's internal arrangement and allocation. (*See, e.g.,* Dkts. 64, 70, 86, 90).

3. Importantly, the terms of the settlement agreement between Flava and Defendant are entirely irrelevant to the dispute between Flava and SLOL before this Court. The settlement agreement is not the subject of the briefing before the Court. Rather, Flava's Motion to Quash and/or Adjudicate Attorney's Lien seeks to declare the lien invalid and unenforceable because "Ms. Shambee failed to serve notice during the existence of the attorney-client relationship"; there is no discussion whatsoever about the components of the underlying settlement. (*See generally* Dkt. 70). Moreover, SLOL's response *brief* makes no reference to the terms. (Dkt. 86-1). Rather, SLOL's argument focuses on the retainer agreement between Flava and SLOL; there is no dispute between Flava and SLOL that a settlement occurred between Flava and Defendant. (*Id.*)

4. Despite the above, Defendant remains a bystander to this ongoing and prolonged litigation. For Defendant, the economic value of the settlement agreement between Flava and Defendant hinged on maintaining its confidentiality. Disclosing the contents of the agreement – specifically the dollar figure, if any, exchanged – would render the agreement no longer worth its value to Defendant especially given the intimate and private nature of the above-captioned dispute.[1]

---

[1] Defendant originally filed an action in California as "John Doe." Unfortunately, Flava filed the above-captioned action in the Northern District of Illinois and personally named Defendant, which led to news articles detailing the same. (*See, e.g.* Dkt. 16 Section C; Dkt. 29 Section B pp. 29-30).

5.     To be clear, Defendant has no opinion or position on nearly all the items that SLOL seeks to file under seal as they entirely pertain to Flava and its relationship with SLOL. In its most recent Order, this Court stated it "does not see anything in the proposed redactions obviously pertaining to the terms of the settlement agreement." (Dkt. 95). Defendant agrees that almost all of the filing does not reference the terms of the settlement agreement but rather, rightfully, focuses on the "separate retainer agreement between a lawyer (intervener) [SLOL] and client (the plaintiff) [Flava]." (*Id.*) **However, there are <u>two lines</u> embedded within the exhibits to SLOL's Motion that disclose confidential terms of the settlement agreement.** These two lines are: (i) the sentence contained in the e-mail between Flava and SLOL on February 5, 2019 at 12:30 p.m. (Dkt.86-3 p. 1 of 2); and (2) the uninvoiced billing entry of SLOL from February 5, 2019 relating to the content of the phone conversation between SLOL and Defense counsel (Dkt. 86-6 p. 6 of 6).[2] The inclusion of those two items is unnecessary and would publicize the dollar amount of a resolution that parties agreed to keep confidential; an agreement that is not disputed and the terms of which are irrelevant to the lien dispute between Flava and SLOL.

6.     As noted in *Grove Fresh Distributors, Inc. v. John Labatt Ltd.*, 888 F. Supp. 1427, 1441 (N.D. Ill. 1995):

> And while there is 'simply no legitimate public interest' to be served by disclosing settlement agreements, the parties to the agreement are likely to have a 'compelling interest in keeping the

---

[2] If this description is unclear or if the Court prefers, Defendant can submit a proposed redacted version solely redacting these two specific lines.

3

settlement amount confidential.' Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 Harv.L.Rev.427, 486-87 (1991). In fact, confidential settlement agreements are likely in the long to best serve the interests of the public and the parties alike: 'Whatever the value of disclosure, it should not obscure the strong public interest in, and policy objectives furthered by, promoting settlement.' *Id.* at 486. Thus, 'absent special circumstances, a court should honor confidentialities that are bargained-for elements of settlement agreements.' *Id.*

7. In sum, Defendant requests two potential avenues to avoid prejudicing Defendant and devaluing the settlement agreement: (i) file those two aforementioned lines under seal; and/or (ii) SLOL withdraw or the Court strike those portions of the exhibits. At the time of this filing, Defense counsel had requested SLOL to agree to withdraw those exhibits as an alternative but has not yet received a response.

WHEREFORE, Defendant hereby requests that the Court enter an order allowing Doc.86-3, p. 1 of 2 and Doc.86-6 p. 6 of 6 to be filed under seal or in the alternative, an order striking the filing of Doc.86-3 p.1 of 2 and 86-6 p. 6 of 6.

Respectfully Submitted,

By: /s/ John (Jack) Prior
    One of the Attorneys for Marc Juris

John (Jack) Backes Prior
Hart McLaughlin & Eldridge, LLC
22 W. Washington St, Suite 1600
Chicago, Illinois 60602
jprior@hmelegal.com