IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Flava Works, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-cv- 5957 |
| | ) | |
| v. | ) | |
| | ) | |
| Marc Juris | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE TO FLAVA WORKS' MOTION TO QUASH**

NOW COMES Shambee Law Office, Ltd (hereinafter referred to as "SLOL"), in its response to Flava Works (hereinafter referred to as "FW") Motion to Quash the Attorney Lien filed on March 12, 2019 [D.E. 64] and states as following:

**INTRODUCTION**

Plaintiff comes before this court requesting that the attorney lien's be quashed or adjudicated due to lack of notice. Furthermore, Plaintiff erroneously continues to state that SLOL was a Staff Attorney for Plaintiff. Plaintiff's motion is inundated with errors and misstatements. For the following reasons, Plaintiff's motion should be denied.

**BACKGROUND**

The undersigned was retained as independent counsel for Flava Works to handle this matter on July 11, 2017. As a part of the agreement, Flava Works agreed ████████ ████████████████████████████████████████ (See attached as Exhibit A, Retainer Agreement).

SLOL has drafted letters, appeared in court, conducted hearings, participated in settlement conferences and negotiated strenuously with the opposing party to reach the current Settlement Agreement. Upon getting an approval from FW on the settlement terms on February

5, 2019, SLOL informed the Defendants that a settlement was reached and that it only needed to be reduced to writing. Counsels agreed that FW's counsel [SLOL] did not need to appear in court on the next court date and that defense counsel will appear and inform the court of the settlement. SLOL, in an attempt to save FW additional money, since there was an hourly component to the retainer agreement and FW was behind in payments, informed FW that the undersigned would not attend the next court date, on February 5, 2019. FW expressed his approval of this action by email. (See Exhibit B, Email from Phillip Bleicher). Once a settlement agreement draft was sent to SLOL, it was reviewed and immediately sent to FW to review for any changes and signature on February 19, 2019. (See attached as Exhibit C, Email sent to Phillip Bleicher with Settlement Agreement).

      FW held onto the draft for some time, even after SLOL inquired about it several times over the course of weeks. During this time, SLOL continued to work on other cases FW retained SLOL to represent it on. Sometime later, SLOL informed FW of its breakdown of communication and its failure to adhere to the terms of the retainer agreements it signed in terms to cooperation and fees. Due to FW's breach of the retainer agreements it held with SLOL, SLOL was forced to withdraw on some of the cases it represented FW on in Florida and the 11th Circuit. This was after SLOL's notification to FW of its intention to due so. SLOL filed it's motion to withdraw from the 11th Circuit case on February 28, 2019, with an Amended Motion on March 1, 2019, which was later granted on March 5, 2019. The 11th Circuit case had anything to do with the instant case.

      SLOL later withdrew from the Southern District of Florida cases after March 11, 2019, which were granted sometime later in March. Upon notification to FW, SLOL filed its Attorney Lien in this instant matter and notice was given to the opposing party via the ecf notification

system on March 12, 2019. SLOL has not withdrawn from this matter, until July 17, 2019, since the instant case was at its conclusion. FW attempted to dismissed SLOL only as retaliation of SLOL withdrawing on the 11th Circuit case and the SDFL matters, even though SLOL has worked the instant matter to its conclusion, only waiting on a signature from FW, which was unreasonably withheld.

## APPLICABLE LAW

Pursuant to the Attorney Lien Act, 770 ILCS 5/0.01, attorneys at law shall have a lien upon all claims, demands and causes of action…which may be placed in their hands by their clients for suit or collection, or upon which suit or action has been instituted, ███████████ ██████████████████████████████████████████████████████████ ██████████████.

To enforce such lien, such attorneys shall serve notice in writing, which service may be made by registered or certified mail, upon the party against whom their clients may have such suits, claims or causes of action…

Even if a statutory lien isn't perfected, Illinois law recognizes equitable liens. When a retainer agreement is signed and it provides that "████████████████████████████ ██████████████████ an equitable assignment is created, wherefore the attorney acquires an equitable lien. *Home Federal Sav. & Loan Asso. v. Cook*, 170 Ill. App. 3d 720 (citing *In re Brass Kettle Restaurant, Inc.* (7th Cir. 1986), 790 F.2d 574, ██████████████████████████ ████████████████████████████████████████████." ( *Brass Kettle*, 790 F. 2d at 575.) The court reasoned that under Illinois common law, this language created an equitable assignment). Where an attorney has no adequate remedy at law due to failure to strict compliance with the terms of 770 ILCS 5/1, the trial court could use its equitable power ████

██ using equitable lien, quantum meruit, or other equitable device. *Lewsader v. Wal-Mart Stores*, 296 Ill. App. 3d 169, 230 Ill. Dec. 560, 694 N.E.2d 191, 1998 Ill. App. LEXIS 211 (Ill. App. Ct. 4th Dist. 1998).

Even when no lien exists, a discharged attorney may be ██████████████ rendered before being discharged on a quantum meruit basis. *Rhoades v. Norfolk & Western Ry. Co.*, 78 Ill. 2d 217, 399 N.E.2d 969 (1979). See also *Dobbs v. Depuy Orthopaedics, Inc.*, 885 F.3d 455 (2018). *Quantum meruit* is based on the implied promise of a recipient of services to ██████████████████████████. *Ashton v. Cook County*, 384 Ill. 287, 301, 51 N.E.2d 161, 167 (1943). Otherwise, the recipient would be unjustly enriched if he were able to retain the services ██████████. *Romanek-Golub & Co. v. Anvan Hotel Corp.*, 168 Ill. App. 3d 1031, 1041, 522 N.E.2d 1341, 1348 (1988). Accordingly, under *quantum meruit*, the former client is liable for ████████████████████████████████████. *In re Estate of Callahan*, 144 Ill. 2d 32, 40-41, 578 N.E.2d 985, 988 (1991). The burden of proving ████████████████████ rests with the attorney, however. Accordingly, the attorney is required to submit evidence to the trial court from which it can make a reasoned decision in accordance with applicable law. *Lossman v. Lossman*, 274 Ill. App. 3d 1, 5, 653 N.E.2d 1280, 1285 (1995). Factors to consider when determining ██████████████████████ are the skill and standing of the attorney, the nature of the case and the difficulty of the questions at issue, the amount and importance of the subject matter, the degree of responsibility involved in the management of the case, the time and labor required, ██████████████████, and the benefit resulting to client. *Lee v. Ingalls Memorial Hospital,* 232 Ill. App. 3d 475, 478, 597 N.E.2d 747, 750 (1992). ██████████████████████████████████████████

███████████████████████████████████. *In re Estate of Healy*, 137 Ill. App. 3d 406, 410, 484 N.E.2d 890, 893 (1985).

When an attorney is discharged by the client without good or reasonable cause, ████ ███████████████████████████████. *Warner v. Basten*, 118 Ill. App. 2d 419, 255 N.E.2d 72, 1969 Ill. App. LEXIS 1700 (Ill. App. Ct. 2d Dist. 1969). A client unquestionably has the right to discharge his attorney at will and engage another; but where he exercises such right without good cause and thus renders it impossible for such first attorney to perform his contract of employment, ████████████████████████ ████████████████. *Goldberg v. Perlmutter*, 308 Ill. App. 84, 31 N.E.2d 333, 1941 Ill. App. LEXIS 1064 (Ill. App. Ct. 1941). As a general rule, ████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ██████████████. *Baker v. Granite City*, 112 Ill. App. 3d 1096, 68 Ill. Dec. 625, 446 N.E.2d 531, 1983 Ill. App. LEXIS 1546 (Ill. App. Ct. 5th Dist. 1983).

## ARGUMENT

The lien was perfected when it was filed with the ecf filing system. To perfect an attorney lien, the claimant must serve notice in writing of her lien ***upon the party against whom her client has a claim***. That party in this matter would be the defendant and that notice was given when the lien was filed with the ecf system. Defendants have taken notice of that lien in open court. This case is not similar to state court cases where, before efiling, many cases were filed directly in the court and notice needed to be given to the other party via mail of such filing. In federal court and though the electronic court filing system, once a document is

filed, it automatically notifies all parties on the case. The Defendant, which is the proper party to be notified of the lien, was notified of such though the filing of the lien through ecf system. For the Plaintiff to challenge the lien once the work has been done and after SLOL denied his offer to settle its attorney fees is reprehensible.

Furthermore, Plaintiff has signed a retainer agreement for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (See attached as A, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). Although a client has a right to terminate his attorney, FW only reason for termination in this matter was based on retaliation due to the fact that SLOL decided to withdraw from its representation on a different matter in the 11th Circuit. Also FW only decided to terminate *after* SLOL completed **all work** and secured a settlement for FW after *nearly two years* of working on the instant case ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ than what the Plaintiff was willing to accept. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (See attached as Exhibit D, Email from Plaintiff). SLOL has expended over 85 hours on this matter, some of which was not billed due to the long standing relationship with the Plaintiff. (See attached as Exhibit E, Billed hours).

SLOL has done everything it can, even when it did not have the cooperation of the Plaintiff, in order to secure the current settlement. The Plaintiff has expressed its gratefulness once the settlement was secured. Now that the work has been done, the Plaintiff, in his true nature, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. When SLOL ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████, he filed the instant motion. This isn't the first time he has done this. When FW has failed to pay another retained counsel, he has committed the same atrocity. (See attached as Exhibit F, Response by FW's former Attorney M. Gulisiano).

## CONCLUSION

Based on the foregoing, SLOL hopes that this court see that the Plaintiff, through its representative, Phillip Bleicher, ███████████████████████████████, ███████████████████████████████████████. SLOL has worked with Plaintiff for years and has tried to work with Plaintiff's budget, but that still was not enough for Plaintiff and when he gets what he wants, he tries to take advantage of the court system to take it all.

**WHEREFORE**, SHAMBEE LAW OFFICE, LTD, respectfully requests this Honorable Court denies Plaintiff, FLAVA WORKS, INC, motion in its entirety, ordering that the lien was perfected when it was filed with this court via the ecf system as notice on the opposing party, OR in the alternative, grant SHAMBEE LAW OFFICE, LTD ██████████████████████████████████.

Respectfully submitted,

__s/Juneitha Shambee_____

Former Attorney for Plaintiff

Shambee Law Office, Ltd.
701 Main Street, Ste. 200A
Evanston, Illinois 60202
(773) 741-3602
Attorney No. 6308145